IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL YOUNG | : | |
| Petitioner | : | |
| v. | : | Civil Action No. AW-07-1568 |
| LISA J.W. HOLLINGSWORTH | : | |
| Respondent | : | |

o0o

## MEMORANDUM

On August 23, 2007, Respondent filed an Answer to the above-captioned Petition for Writ of Habeas Corpus seeking dismissal of same. Paper No. 6. Petitioner has filed nothing further and the matter is ripe for this Court's dispositive review.

Petitioner challenges "the constitutionality of a detainer being lodged" with the Bureau of Prisons. Paper No. 1 at p. 4. He asserts that it is unconstitutional for any authority to lodge a detainer for charges that are subject to future dismissal. He claims no detainer may be executed against a federal prisoner for purposes of punishing that prisoner, and explains the lodging of a detainer "will deprive him of statutory benefits and institutional privileges" such as Halfway House placement, drug treatment, and good time credits. *Id*. He claims Bureau of Prison authorities may not run a sentence consecutive even if the judge orders it to be consecutive because they do not have judicial power. He asserts there is no authority that may hold a criminal prosecution in abeyance indefinitely because it violates due process.

Respondent states that while a request was sent to the State of Virginia inquiring wether they wanted to lodge a detainer against Petitioner for possible charges pending against him, no

detainer has been filed.  They further claim Petitioner has not filed an administrative remedy seeking relief in this matter.

     Petitioner has offered no evidence that the detainer that might be lodged against him in the future is in any respect illegal, nor is there any evidence that the Bureau of Prison's contact with Virginia authorities about a possible detainer is in any manner unconstitutional. There has been no adverse action taken against Petitioner.  This court has no jurisdiction to intervene in a matter where there is no case or controversy.  *See* U.S. Const. Art. III, § 2, cl. 1.  A claim is justiciable if there is "a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298-99 (1979).  There is no such controversy in this case.

     Accordingly, by separate Order which follows, the Petition will be dismissed.

Date: October 24, 2007

                                               /s/
                                        Alexander Williams, Jr.
                                        United States District Judge